IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CURTIS WEEKLY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 11 C 9231 |
| | ) |
| MARCUS HARDY, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Petitioner Curtis Weekly's (Weekly) *pro se* petition for writ of habeas corpus (Petition) brought pursuant to 28 U.S.C. § 2254. For the reasons stated below, the Petition is denied.

## BACKGROUND

Weekly was convicted by a jury in Illinois state court of first-degree murder and was sentenced to seventy-five years in prison. Weekly appealed the conviction, and on November 3, 2009, the Illinois Appellate Court affirmed the conviction. Weekly filed a petition for leave to appeal to the Illinois Supreme Court (PLA),

1

which was denied on March 24, 2010.

On June 15, 2010, Weekly filed a post-conviction petition, and on June 24, 2010, the trial court dismissed the petition. Weekly appealed the dismissal and the Illinois Appellate Court affirmed the trial court. Weekly then filed a PLA on his post-conviction appeal, which was denied in November 2011. Weekly subsequently filed the Petition in this action.

## LEGAL STANDARD

An individual in custody pursuant to state court judgment may seek a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which provides the following:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The decision made by a state court is deemed to be contrary to clearly established federal law "'if the state court applies a rule different from the governing law set forth in [Supreme Court] cases, or if it decides a case differently than [the Supreme Court has] done on a set of materially indistinguishable facts.'"

*Emerson v. Shaw*, 575 F.3d 680, 684 (7th Cir. 2009)(quoting *Bell v. Cone*, 535 U.S. 685, 694 (2002)). The decision by a state court is deemed to involve an unreasonable application of clearly established federal law "'if the state court correctly identifies the governing legal principle from [Supreme Court] decisions but unreasonably applies it to the facts of the particular case.'" *Emerson*, 575 F.3d at 684 (quoting *Bell*, 535 U.S. at 694).

## DISCUSSION

This court has liberally construed Weekly's *pro se* filings. *See Perruquet v. Briley*, 390 F.3d 505, 512 (7th Cir. 2004)(stating that "[a]s [the plaintiff] was without counsel in the district court, his habeas petition is entitled to a liberal construction"); *Greer v. Board of Educ. of City of Chicago, Ill.*, 267 F.3d 723, 727 (7th Cir. 2001)(indicating that a court should "liberally construe the pleadings of individuals who proceed *pro se*"). Weekly asserts in the Petition: (1) that his sentence was arbitrary and capricious (Claim 1), (2) that there was insufficient evidence to prove Weekly guilty at trial (Claim 2), (3) that Weekly's trial counsel was ineffective in advising Weekly not to testify at trial (Claim 3), (4) that Weekly's trial counsel was ineffective for other reasons as well (Claim 4), and (5) that Weekly's appellate counsel was ineffective (Claim 5).

I. Claim 1

Respondent argues that Claim 1 is not a cognizable habeas claim and that Claim 1 is procedurally defaulted.

A. Cognizable Claim

Respondent argues that Claim 1, which relates to Weekly's sentence, is not a cognizable habeas claim because it is not based upon a violation of Weekly's rights under the United States Constitution. A disagreement by a defendant sentenced in state court as to the length of a sentence will generally not be a valid basis to seek habeas relief. *See Henry v. Page*, 223 F.3d 477, 482 (7th Cir. 2000)(stating that "in non-capital felony convictions, a particular offense that falls within legislatively prescribed limits will not be considered disproportionate unless the sentencing judge has abused his discretion")(internal quotations omitted)(quoting *United States v. Vasquez*, 966 F.2d 254, 261 (7th Cir. 1992)); *Dellinger v. Bowen*, 301 F.3d 758, 764 (7th Cir. 2002)(quoting *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) for the proposition that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"); *Gleason v. Welborn*, 42 F.3d 1107, 1112 (7th Cir. 1994)(stating that "a federal court will not normally review a state

sentencing determination which . . . falls within the statutory limit" unless there is a "showing that the sentencing court lacked jurisdiction to impose th[e] term or committed a constitutional error making the sentence fundamentally unfair"). In this case, Weekly was sentenced below the statutory maximum sentence. *See* 730 ILCS 5/5-8-1(a)(1)(d), (a)(3)(providing that the statutory maximum sentence for murder with personal discharge of a firearm is life); (R Ex. A 4). Weekly has not pointed to evidence showing that his sentence violated any of his federal constitutional rights. To the extent that Weekly seeks a review of the state court's sentence executed pursuant to State law, Weekly has not presented a cognizable habeas claim.

### B. Procedural Default

Respondent argues that even if Claim 1 was a cognizable habeas claim, it is procedurally defaulted. A district court "cannot review a habeas petitioner's constitutional issue unless he has provided the state courts with an opportunity to resolve it 'by invoking one complete round of the state's established appellate review process.'" *Byers v. Basinger*, 610 F.3d 980, 985 (7th Cir. 2010)(quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). If a habeas petitioner failed to "properly assert[] his federal claim at each level of state court review," the petitioner is deemed to have "procedurally defaulted that claim." *Malone v. Walls*, 538 F.3d 744, 753 (7th

Cir. 2008)(quoting *Lewis v. Sternes,* 390 F.3d 1019, 1025 (7th Cir. 2004)); *see also Johnson v. Hulett*, 574 F.3d 428, 431 (7th Cir. 2009)(stating that "[t]o obtain federal habeas review, a state prisoner must first submit his claims through one full round of state-court review," and that "[t]he penalty for failing to fully and fairly present [] arguments to the state court is procedural default"). A petitioner, in exhausting his state court remedies, has "'the duty to fairly present his federal claims to the state courts.'" *Malone*, 538 F.3d at 753 (stating that fair presentment includes "'the petitioner . . . assert[ing] his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings'")(quoting *Lewis*, 390 F.3d at 1025). In addition, "[w]hen a state court denies a prisoner relief on a question of federal law and bases its decision on a state procedural ground that is independent of the federal question, the federal question is procedurally defaulted." *Lee v. Davis*, 328 F.3d 896, 899-900 (7th Cir. 2003).

Weekly argued on his direct appeal to the Illinois Appellate Court that his sentence was excessive. (Ex. B 1). In his direct appeal, Weekly exclusively argued that his sentence violated his state constitutional rights. (R Ex. B 7-14); (R Ex. D 1-4). In Weekly's subsequent PLA, he also did not reference a federal basis for his claim relating to his sentencing. (R Ex. E); *see Smith v. McKee*, 598 F.3d 374, 382 (7th Cir. 2010)(stating that "[i]f the claim comes from the Illinois state courts, the

6

petitioner must have presented each claim in the habeas petition to the Illinois Appellate Court and to the Illinois Supreme Court in a petition for discretionary review," and that "[a]s part of this requirement, a petitioner must have fairly presented both the operative facts and legal principles that control each claim to the state judiciary"); *Johnson*, 574 F.3d at 431 (stating that in the habeas context, a petitioner is deemed to have fully and fairly presented an argument to a state court only if the petitioner "articulat[ed] both the operative facts and applicable law"); *Byers*, 610 F.3d at 985 (stating that "[a] petitioner must fairly present his federal claims to the state courts by arguing both the law and the facts underlying them"). Weekly also failed to raise a claim relating to his sentencing in his post-conviction petition. (R Ex. G). Thus, Weekly has failed to present Claim 1 through one complete round of the state court appellate process, and Claim 1 is therefore procedurally defaulted.

Respondent argues that there are no facts in this case that provide a justification to excuse the default of Claim 1. A procedurally defaulted claim can still be considered by a district court "if a petitioner can show cause and prejudice or a fundamental miscarriage of justice." *Coleman v. Hardy*, 628 F.3d 314, 318 (7th Cir. 2010); *see also Kaczmarek v. Rednour*, 627 F.3d 586, 591 (7th Cir. 2010)(stating that "[a] federal court on collateral review will not entertain a

procedurally defaulted constitutional claim unless the petitioner can establish cause and prejudice for the default or that the failure to consider the claim would result in a fundamental miscarriage of justice"); *Holmes v. Hardy*, 608 F.3d 963, 968 (7th Cir. 2010)(stating that a "way to avoid procedural default is to show actual innocence, that is, to show that in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt")(internal quotations omitted)(quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)); *Promotor v. Pollard*, 628 F.3d 878, 887 (7th Cir. 2010)(stating that "default could be excused if [the petitioner] can establish cause and prejudice, or establish that the failure to consider the defaulted claim will result in a fundamental miscarriage of justice"). In the instant action, Weekly has not provided facts showing that he was prevented from presenting Claim 1 in a manner that would have avoided the procedural default. Weekly has not shown cause and prejudice. Nor has Weekly shown actual innocence or a fundamental miscarriage of justice that would excuse the procedural default.

II. Claim 2

Respondent argues that Claim 2 lacks any merit. Weekly asserts in Claim 2 that there was insufficient evidence to prove Weekly guilty at trial. A petitioner

8

convicted in state court by a jury is only entitled to habeas relief based upon a sufficiency of evidence argument if "viewing the evidence in the light most favorable to the prosecution, no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Moore v. Casperson*, 345 F.3d 474, 488 (7th Cir. 2003)(internal quotations omitted)(quoting *Jackson v. Virginia*, 443 U.S. 307 (1979)); *see also Kines v. Godinez*, 7 F.3d 674, 678 (7th Cir. 1993)(stating that "the proper standard for determining sufficiency of the evidence on habeas review is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found proof of guilt beyond a reasonable doubt"). In the instant action, the record reflects that there was ample evidence upon which to convict Weekly at trial. For example, the record indicates that an eyewitness testified at trial that she saw Weekly fire a gun at the vehicle in which the victim was killed. (R Ex. A 1-2). Aside from such eyewitness testimony, another witness testified that Weekly called her the day after the shooting and admitted to killing the victim. (R Ex. A 1-2). To the extent that Weekly seeks to have the court re-examine the credibility of such testimony, a habeas petition is not the proper context in which to seek such a review. *See Kines*, 7 F.3d at 678 (stating that "[f]ederal courts are in no position to redetermine the credibility of witnesses observed by state trial courts," and that "[b]ecause a single witness can suffice to prove guilt beyond a reasonable

doubt, . . . the district court correctly held that any rational trier of fact could have arrived at the same conclusion as the trial court"). Thus, based on the above, Claim 2 lacks merit.

III. Claims 3, 4, and 5

Respondent argues that Claims 3, 4, and 5 are procedurally defaulted. Weekly asserts in Claim 3 that Weekly's trial counsel was ineffective in advising Weekly not to testify at trial. Weekly asserts in Claim 4 that his trial counsel was ineffective for reasons in addition to those specified in Claim 3. Weekly asserts in Claim 5 that Weekly's appellate counsel was ineffective. The record does not reflect that Weekly raised Claims 3, 4, or 5 on his direct appeal. (R Ex. A, B, E). Weekly raised Claims 3, 4, and 5 in his post-conviction petition. (R Ex. G). However, Weekly did not include Claims 3, 4, or 5 in his subsequent PLA. (R Ex. J). Thus, Claims 3, 4, and 5 are procedurally defaulted.

Weekly has failed to show that the procedural default should be excused. *See, e.g., Kaczmarek*, 627 F.3d at 591; *Holmes*, 608 F.3d at 968. Weekly has not provided facts showing that he was prevented from presenting Claims 3, 4, or 5 in a manner that would have avoided the procedural default. Weekly has not shown cause and prejudice. Nor has Weekly shown actual innocence or a fundamental

miscarriage of justice to excuse the procedural default of Claims 3, 4, or 5. The court also notes that even if Claims 3, 4, or 5 were not procedurally defaulted, Weekly has not shown that his trial or appellate counsel acted outside the scope of effective assistance of counsel, and Claims 3, 4, and 5 therefore, in addition to being procedurally defaulted, lack merit.

IV. *Martinez* Exception

In *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), the United States Supreme Court recently explained an additional exception to procedural default in the habeas context. The Court held that "[w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Id.* at 1320. The exception in *Martinez* has been narrowly applied "to cases in which the petitioner's first opportunity to raise an ineffective assistance of counsel claim is on collateral review." *Butler v. Hardy*, 2012 WL 3643924, at *3 (N.D. Ill. 2012). In *Martinez*, the Court was reviewing a habeas petition relating to proceedings in Arizona state court, and in the instant action Illinois law would be applicable. 132

S.Ct at 1314. Weekly had an adequate opportunity under Illinois law to raise his ineffective assistance of counsel claims and develop a record to use during his direct appeal. For example, under Illinois law, Weekly could have filed post-trial motions and argued ineffective assistance of trial counsel, and Weekly would have been entitled to new appointed counsel to represent him at that juncture. *Id.* In addition, Weekly could have included his ineffective assistance of counsel claims in his *pro se* PLA that he filed on direct appeal. *Id.* Thus, since Weekly's first opportunity to raise an ineffective assistance of counsel claim was not on collateral review in his post-conviction petition, the *Martinez* exception is not applicable. In addition, the *Martinez* exception is not applicable in this instance since the procedural defaults are based upon omissions that occurred during the appellate process for the post-conviction petition, rather than when the post-conviction petition was initially filed in the state court. Thus, the *Martinez* exception to procedural default is not applicable in this case.

V. Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the court must issue or deny a certificate of appealability "when it enters a final order adverse to the applicant." *Id.* A district court should only issue a certificate of appealability "if the

applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must also show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDonnell*, 529 U.S. 473, 484 (2000)(quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). In the instant action, Weekly has not made a substantial showing of the denial of a constitutional right as to any claims presented in his Petition. Nor has Weekly shown that reasonable jurists could debate whether the Petition should have been resolved in a different manner or that the issues presented in the Petition deserve encouragement to proceed further. Therefore, should Weekly decide to appeal this court's ruling, this court finds that a certificate of appealability would not be warranted, and is denied.

## CONCLUSION

Based on the foregoing analysis, the Petition is denied.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: September 6, 2012